UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH REID and GORDON MILLER, on behalf of themselves and similarly situated employees,<br><br>    Plaintiff,<br><br>v.<br><br>NEWALTA ENVIRONMENTAL SERVICES, INC.,<br><br>    Defendant. | Case No. 2:13-CV-00659<br><br>Hon. Michael H. Watson, presiding<br>Hon. Elizabeth Preston Deavers, referral<br><br>**DEFENDANT NEWALTA ENVIRONMENTAL SERVICES, INC.'S ANSWER TO PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT—COLLECTIVE ACTION** |

Defendant Newalta Environmental Services, Inc. (hereinafter "Defendant" or "Newalta"), through its counsel GRAYDON HEAD & RITCHEY LLP and MOYE WHITE LLP, hereby answers the Corrected First Amended Complaint – Collective Action (the "Amended Complaint") and states as follows:

**ANSWER**

**JURISDICTION AND VENUE**

1. Paragraph 1 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 1 of the Amended Complaint are denied.

2. Paragraph 2 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 2 of the Amended Complaint are denied.

## PARTIES

3. Newalta is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 3 and, therefore, denies the same.

4. Newalta is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 4 and, therefore, denies the same.

5. Paragraph 5 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 5 of the Amended Complaint are denied.

6. Newalta admits the allegations contained in paragraph 6.

7. Newalta admits the allegations contained in paragraph 7.

8. Newalta admits the allegations contained in paragraph 8.

9. Paragraph 9 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 9 of the Amended Complaint are denied.

## FACTS

10. Newalta admits the allegations contained in Paragraph 10.

11. Newalta admits the allegations contained in Paragraph 11.

12. Paragraph 12 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 12 of the Amended Complaint are denied.

13. Paragraph 13 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 13 of the Amended Complaint are denied.

14. Newalta denies the allegations contained in Paragraph 14.

15. Newalta admits that Solids Control Technicians were paid salaries, as well as other additional compensation. Newalta denies all remaining allegations in Paragraph 15.

16. Paragraph 16 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 16 of the Amended Complaint are denied.

17. Newalta admits that Plaintiff Joseph Reid was an employee of Newalta in the position of Solids Control Technician from March 26, 2012 to March 21, 2013. Newalta denies all remaining allegations contained in Paragraph 17.

18. Newalta admits that Plaintiff Gordon Miller was an employee of Newalta in the position of Solids Control Technician from June 6, 2011 to July 17, 2013. Newalta denies all remaining allegations contained in Paragraph 18.

19. Newalta states that the information set forth in Exhibit B speaks for itself and denies any allegations contained in Paragraph 19.

20. Newalta states that the information set forth in Exhibit C speaks for itself and denies any allegations contained in Paragraph 20.

21. Newalta states that the information set forth in Exhibit D speaks for itself and denies any allegations contained in Paragraph 21.

22. Newalta states that the information set forth in Exhibit E speaks for itself and denies any allegations contained in Paragraph 22.

23. Newalta denies the allegations contained in Paragraph 23.

24. Newalta denies the allegations contained in Paragraph 24.

25. Newalta denies the allegations contained in Paragraph 25.

26. Upon information and belief, Newalta admits that Plaintiff Joseph Reid has a high school diploma. Newalta denies all remaining allegations contained in Paragraph 26.

27. Newalta admits that it paid Plaintiffs a salary and other additional compensation. Newalta denies all remaining allegations contained in Paragraph 27.

28. Newalta denies the allegations contained in Paragraph 28.

## COLLECTIVE ACTION ALLEGATIONS

29. Paragraph 29 is a statement of the case, and contains no allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 29 of the Amended Complaint are denied. Furthermore, Paragraph 29 purports to summarize the class Plaintiffs seek to represent. To the extent that Paragraph 29 is read to assert that Plaintiffs have stated any viable claim for certifying a class action or collective action, Newalta denies the allegations of Paragraph 29. Further, Newalta denies that either Newalta Corporation or TerraAqua Resource Management employed any Solids Control Technicians in the United States, at any time in the past three years.

30. Paragraph 30 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 30 of the Amended Complaint are denied.

## COUNT I
### (Alleging FLSA Violations)

31. Newalta incorporates its previous responses herein.

4

01836031.3

32. Paragraph 32 of the Amended Complaint contains conclusions of law and not allegations of fact to which an answer is required, but insofar as an answer may be required, the allegations contained in Paragraph 32 of the Amended Complaint are denied.

33. Newalta denies the allegations contained in paragraph 33.

34. Newalta denies the allegations contained in paragraph 34.

## GENERAL DENIAL

Newalta denies each allegation of the Complaint not specifically admitted or denied in this Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim supporting an award of damages.

2. Venue is improper in this Court.

3. Plaintiff lacks standing to bring the claims in the Amended Complaint.

4. Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted.

5. Plaintiffs' claims are barred in whole or in part by the provisions of Section 7 and 13 of the Fair Labor Standards Act of 1938, including any exemptions, exclusions, and credits provided therein, and under parallel provisions of state law, as applicable.

6. Plaintiffs are not entitled to overtime compensation because they are exempt employees within the meaning of the Fair Labor Standards Act and parallel state laws, as applicable.

7. Plaintiffs and the class(es) Plaintiffs purportedly seek to represent are not "similarly situated" within the meaning of the Fair Labor Standards Act and parallel state laws. In addition, this case cannot be certified as a collective class action because there is no

commonality of questions of law or fact, typicality of claims or defenses, and the representative parties do not fairly and adequately protect the interests of the class.

8. Newalta acted at all times in good faith and had reasonable grounds to believe that its actions did not violate the Fair Labor Standards Act. Accordingly, pursuant to 29 USC § 260, liquidated damages should be denied.

9. The relief sought is barred in whole or in part by applicable statutes of limitations.

10. Plaintiffs are not entitled to any relief because the act or omission complained of was in good faith conformity with and in reliance upon a written administrative regulation, order, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice enforcement policy of such agency with respect to the class of employees to which Plaintiffs belonged.

11. Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 USC § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities.

12. The Complaint fails to set forth facts sufficient to constitute a claim for punitive or exemplary damages to the extent sought by Plaintiffs, in that neither Newalta nor its agents, if any, acted with malice, fraud, oppression, or any other state of mind or intent sufficient to sustain punitive or exemplary damages with respect to Plaintiffs and the class(es) Plaintiffs purportedly seek to represent.

13. The imposition of punitive or exemplary damages, if any, in this case would violate Newalta's rights to substantive and procedural due process under the Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution of the State of Ohio.

14. Plaintiffs have been paid in full relative to their employment with Newalta.

15. The claims of certain putative members of this collective action are barred by accord and satisfaction, the doctrines of waiver, estoppel, laches, unclean hands and/or *in pari delicto*.

16. Plaintiffs' claims are barred due to lack of consideration.

17. Plaintiffs' claims are substantially groundless and frivolous, and Newalta is entitled to an award of attorneys' fees and costs.

18. Newalta requests leave of Court to add additional defenses as discovery and investigation reveal facts that would support such defenses.

WHEREFORE, Defendant Newalta Environmental Services, Inc. respectfully requests that Plaintiffs' Corrected First Amended Complaint – Collective Action be dismissed with prejudice and that Defendant be awarded its attorneys' fees and costs to the extent permitted by law; and for such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Lisa C. Diedrichs*
Michael A. Roberts (0047129)
Lisa C. Diedrichs (0082904)
*Attorneys for Defendant*
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 629-2765
Fax: (513) 651-3836
Email: mroberts@graydon.com
Email: ldiedrichs@graydon.com

Rebecca B. DeCook (*pro hac vice*)
William F. Jones, Esq. (*pro hac vice*)
Dean E. Richardson (*pro hac vice*)
*Attorneys for Defendant*

7

01836031.3

Moye White LLP
16 Market Square, 6th Fl.
1400 16th Street
Denver, CO 80202-1486
Telephone: (303) 292-2900
Fax: (303) 292-4510
Email: becky.decook@moyewhite.com
Email: billy.jones@moyewhite.com
Email: dean.richardson@moyewhite.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following:

Robert E. DeRose, Esq.
Robi J. Baishnab, Esq.
Melissa J. Peters, Esq.
*Attorneys for Plaintiff*
Barkan Meizlish Handleman
Goodin Derose Wentz, LLP
250 E. Broad St., 10th Fl.
Columbus, OH 43215

R. Andrew Santillo, Esq. (*pro hac vice*)
*Attorneys for Plaintiff*
Winebrake & Santillo, LLC
715 Twining Rd., Ste. 211
Dresher, PA 19025

/s/ Lisa C. Diedrichs_____
Lisa C. Diedrichs

8

01836031.3